UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELVIS SERRANO,

        Petitioner,

-vs-                                         Case No. 8:04-cv-172-T-17TBM

JAMES V. CROSBY, JR.,

        Respondent.

_____

**ORDER**

    This cause is before the Court on Petitioner Elvis Serrano's 28 U.S.C. § 2254 petition for writ of habeas corpus. Serrano challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, in state circuit case number 99-17821.

BACKGROUND

    On October 20, 1999, Serrano was charged by Grand Jury Indictment with two counts of first degree murder in the shooting death of Serrano's estranged wife and her

boyfriend. A jury trial was held before the Honorable Chet A. Tharpe, Circuit Judge, on April 16, 2001. Serrano was represented by Assistant Public Defenders Lyann A. Goudie and Harvey Hyman.

The jury found Serrano guilty as charged on both counts. On April 20, 2001, the state trial court sentenced Serrano to life imprisonment on each count, with the sentences running concurrently. The state district court of appeal per curiam affirmed the conviction and sentence on June 2, 2002, in case no. 2D01-2322. Serrano v. State, 823 So. 2d 780 (Fla. 2d DCA 2002)[Table].[1]

Serrano filed a Rule 3.850 motion for postconviction relief. The state trial court denied relief, and the state district court of appeal per curiam affirmed the state trial court's ruling. Serrano v. State, 864 So. 2d 416 (Fla. 2d DCA 2003)[Table].

On April 24, 2003, while the Rule 3.850 motion was pending, Serrano filed a petition for writ of habeas corpus in the state district court of appeal alleging ineffective assistance of appellate counsel. On September 26, 2003, in case no. 2D03-1888, the state district court of appeal denied the petition, per curiam. (Respondent's Exhibit 12).

In January 2004, Serrano timely filed the present federal petition for writ of habeas corpus raising three grounds for relief. Serrano exhausted the three grounds in state court.

STANDARD OF REVIEW

Because Serrano filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d

---

[1] Respondent filed the twelve-volume record on direct appeal in case no. 2D01-2322 as Exhibit 13.

880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 124 S.Ct. 7,

10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77. A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792;

Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

### No Presumption that State Court Ignored Its Procedural Rules

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a

summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. See Coleman, 501 U.S. 722, 735-36 (1991); Kight v. Singletary, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); Tower v. Phillips, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir.1992). To the extent that a federal question is raised in the federal habeas petition, the federal question was not exhausted in state court if the issue were raised only as a state law claim in state court. Anderson v. Harless, 459 U.S. 4, 6-8 (1982).

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in Chapman v. California, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, 507 U.S. at 637. Although no constitutional error has occurred in Serrano's case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

INEFFECTIVE ASSISTANCE OF COUNSEL

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687-88; see also, Wiggins v. Smith, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. at 477. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90; Bell v. Cone, 535 U.S. 685, 698 (2002). Because the ultimate resolution of the ineffective assistance of counsel claims are mixed questions of law and fact, Thompson v. Haley, 255 F.3d 1292, 1297 (11th Cir. 2001); Meeks v. Moore, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination. Parker v. Head, 244 F.3d at 835-837. "[T]he Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims." Williams, 529 U.S. at 391.

"To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' " Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)). "Therefore, the cases in which habeas petitioners can properly prevail an the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.), cert. denied, 513 U.S. 899 (1994).

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. See Chandler, 218 F.3d at 1315. An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. Chandler, 218 F.3d, at 1314 n. 15.

The same Strickland standard applies whether the courts are considering the performance of counsel at the trial or appellate level. Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (citing Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987)). The federal courts have regularly held that appellate counsel is often well advised to choose the most promising arguments and not crowd a brief with less promising ones which may detract from the major arguments. Jones v. Barnes, 463 U.S. 745, 751-54 (1983). Moreover, appellate counsel cannot be deemed to have rendered ineffective assistance by failing to brief an issue that was not preserved for appeal or is without merit. Chandler

v. Dugger, 634 So.2d 1066, 1068 (Fla. 1994) (cited in Chandler v. Moore, 240 F.3d 907, 916 (11th Cir. 2001)); Suarez v. Dugger, 527 So.2d 190 (Fla. 1988).

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Serrano's petition must be **DENIED**.

## Ground One

Serrano alleges, as he did in his motion for postconviction relief, that trial counsel was ineffective for pursuing a voluntary intoxication defense instead of a "heat of passion" defense, because a voluntary intoxication defense is no longer an affirmative defense in Florida.[2] Serrano contends that defense counsel tried to "wiggle around" the statute barring the voluntary intoxication defense by "claiming that voluntary intoxication combined with a mental condition is still [a] viable-defense to a specific intent crime." (See Serrano's 28 U.S.C. §2254 petition at page 5).

The record shows that Serrano's trial counsel did raise a heat of passion defense. During opening statement, defense counsel told the jury that this was not a premeditated

---

[2] See section 775.051 of the Florida Statutes. Section 775.051 reads: Voluntary intoxication resulting from the consumption, injection, or other use of alcohol or other controlled substance as described in chapter 893 is not a defense to any offense proscribed by law. Evidence of a defendant's voluntary intoxication is not admissible to show that the defendant lacked the specific intent to commit an offense and is not admissible to show that the defendant was insane at the time of the offense, except when the consumption, injection, or use of a controlled substance under chapter 893 was pursuant to a lawful prescription issued to the defendant by a practitioner as defined in s. 893.02.

Section 775.051 went into effect October 1, 1999, eliminating the defense of voluntary intoxication that had been permissible under earlier case law. The United States Supreme Court decided that a similar Montana statute did not violate due process under the U.S. Constitution. Montana v. Egelhoff, 518 U.S. 37 (1996).

killing; rather, Serrano was enraged by his wife's betrayal. Counsel explained that the killing was "done by a man who was enraged [and] who acted in the heat of passion." (V5; T 339). During the jury instruction conference, defense counsel told the court, "Our defense in this case is heat of passion." Counsel then asked for a special instruction that would negate the element of premeditation on the first degree murder charge, and which would instruct the jury that "a sudden passion upon adequate provocation, if it suspends the exercise of judgment, and dominates one's ability to make a reasoned choice or decision may negate the element of premeditation." (V10; T 966). Accordingly, Serrano's complaint about his counsel's not pursuing a heat of passion defense is not correct, and Serrano has shown neither deficient performance nor prejudice.

Ground One does not warrant habeas relief.

## Ground Two

Serrano claims counsel was ineffective for failing to investigate the allegation that a second firearm was involved in the crime because a gun was allegedly seen next to both victims. The state trial court addressed this claim in the order denying postconviction relief, reasoning as follows:

> Although not entirely clear what point Defendant is making with the second gun accusation, it appears Defendant is suggesting counsel should have considered a theory of self defense. However, after carefully reviewing the entire record, this Court concludes that defendant cannot adequately show how he was prejudiced by counsel's failure to pursue a second weapon defense. Testimony at trial showed that in the presence of his teenage daughter Defendant shot and killed his wife and the wife's boyfriend. *(See* transcript dated April 17, 2001, pp. 531-546, attached). Defendant admitted that he shot the victims, but argued the shootings were done in the heat of passion. *(See* transcript dated April 19, 2001, pp. 922-961, attached). Trial counsel argued to the jury that Defendant was despondent over his wife leaving [him] for another man, but at no time did Defendant intend to shoot,

-10-

> much less kill anyone. *(See* transcript dated April 17, 2001, pp. 324-339, attached).
>
> It is apparent from the record that counsel's heat of passion defense was an attempt to overcome evidence detrimental to this case. The trial record reflects that counsel's heat of passion defense constituted a reasonable tactical decision made in consideration of the overwhelming inculpatory evidence of Defendant's statements to the police and other trial testimony. Therefore, the record in this case conclusively rebuts Defendant's claim that counsel's performance was deficient and that such deficient performance prejudiced him. As such, no relief is warranted on ground 3.

(See Order Denying Motion for Postconviction Relief at pp. 6-7).

The state trial court's denial of this claim was objectively reasonable, in light of the overwhelming evidence presented at trial, and defense counsel's argument to the jury that Serrano shot the two victims in the heat of passion, not as an act of self-defense. (V5; T 324-339; V6; T 531-546; V10; T 922-961).

Ground Two does not warrant habeas corpus relief.

### Ground Three

Serrano claims that his appellate counsel was ineffective for failing to raise on appeal the state trial court's refusal to hold a <u>Richardson</u>[3] hearing, after the officer who interviewed him after the crime stated, on the witness stand, "Yes. He thanked me for the water and said I was kind to him considering what he had done, in spite of what he had done." Serrano's complaint is that the second part of the statement was not disclosed.

The State correctly argued that the exchange must be viewed in context:

> That Mr. Serrano did the shooting as described in the State's opening was never in dispute. Serrano's trial counsel, in his opening statement,

---

[3] <u>Richardson v. State</u>, 246 So. 2d 771 (Fla. 1971).

> acknowledged that Serrano [was] "overcome with emotion. And in the heat of passion, takes out this weapon and commits these killings." (Exhibit 7)
>
> When Corporal Callado first encountered Serrano, Serrano said "I'm glad you're here. Let me tell what I did." Callado told him not to say anything, he was a suspect in an homicide, but Serrano continued anyway. Serrano seemed relieved and wanted to talk. Serrano continued to talk while Callado was telling him not to talk until he had read him his Miranda warnings. Spontaneously, Serrano said that he shot and killed his ex-wife and the boyfriend because after 18 years of marriage she . . . cheated on him. (Exhibit 6, 365-366) After Miranda warnings were given, Serrano took the officers to where he had dropped the gun. After finding and securing the gun, Callado took Serrano over to his police car, read him Miranda warnings again and interviewed him. (Exhibit 6, 370,373) It was at this point that Serrano asked for a glass of water and thanked the officer for it. (Exhibit 6, 380)
>
> The trial court did not hold a Richardson hearing; however, this issue would in all probability have been found to be without merit had counsel raised the issue on direct appeal, so the failure of appellate counsel to raise the meritless issue would not render appellate counsel's performance ineffective.

(Amended Response in Opposition to Petition for Writ of Habeas Corpus alleging Ineffectiveness of Appellate Counsel at pp. 13-14.)

Under Florida law, the failure to hold a Richardson hearing is subject to harmless error analysis. Pender v. State, 700 So. 2d 664, 666 (Fla. 1997). Under the facts of this case, even if the state trial court erred by not conducting a Richardson hearing, the error was harmless. Appellate counsel was not ineffective for failing to raise an issue that was meritless on the face of the record.

Ground three does not warrant habeas corpus relief.

In summary, the rulings of the state courts in this case did not result in decisions that were contrary to, or involved an unreasonable application of, United States Supreme Court law, nor resulted in decisions that were based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceedings. Serrano is not entitled to federal habeas corpus relief.

Accordingly, the Court orders:

That Serrano's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Serrano and to close this case.

ORDERED at Tampa, Florida, on ___January 19___, 2006.

_____
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Elvis Serrano